IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | No. 3:24-CR-468-X |
| YOUSEF MOHAMMAD ZAKI ALSWIJ, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Yousef Mohammad Zaki Alswij's Motion to Reconsider Detention filed on May 27, 2025. (Dkt. No. 44 ("Mot.").) United States District Judge Brantley Starr referred the motion to the undersigned magistrate judge for hearing, if necessary, and determination. (Dkt. No. 45.) The government filed its brief in opposition on June 9, 2025. (Dkt. No. 47 ("Resp.").) Alswij has not filed a reply. (*See* Dkt. No. 46.) For reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

On October 29, 2024, a grand jury sitting in this district issued an indictment charging Alswij with one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). (Dkt. No. 3.) Authorities arrested Alswij in the Eastern District of Michigan, and he first appeared before a magistrate judge there on October 25, 2024. (*See* Dkt. No. 5 at ECF p. 2.) After a detention hearing in that district, the magistrate judge found that detention was warranted and ordered that Alswij be detained and transported to this district. (*Id.* at ECF pp. 12-16.) The magistrate judge concluded that the rebuttable presumption for detention at 18

1

U.S.C. § 3142(e)(3) applied based on the charged offense and that Alswij had not rebutted that presumption.  (*Id.* at ECF p. 13.)  Relevantly, the magistrate judge concluded in the alternative that the government established by a preponderance of the evidence that there was no condition or combination of conditions that would reasonably assure Alswij's appearance as required.  (*Id.*)

Alswij was transported to this district and, on November 18, 2024, appeared before U.S. Magistrate Judge Rebecca Rutherford to be arraigned on the indictment.  (*See* Dkt. No. 10.)  Days before trial was set to begin (*see* Dkt. No. 17), Alswij entered into a plea agreement whereby he agreed to plead guilty to a superseding information charging him with making a false statement to an FBI agent, in violation of 18 U.S.C. § 1001(a)(2).  (*See* Dkt. Nos. 40, 42.)  On May 27, 2025, Alswij entered his guilty plea before Judge Starr pursuant to that plea agreement.  (Dkt. No. 43.)  Later that day, he filed the instant motion to reconsider detention.

## II.  LEGAL STANDARDS AND ANALYSIS

Under the Bail Reform Act, a defendant may seek pretrial reconsideration of a detention order by filing a motion to reopen proceedings under 18 U.S.C. § 3142(f)(2)(B) or by filing a motion to revoke a detention order under 18 U.S.C. § 3145(b).  *United States v. Posada Carriles*, 481 F. Supp. 2d 792, 795 (W.D. Tex. 2007).  Because Alswij has pleaded guilty and is awaiting sentencing, however, he seeks reconsideration of his detention through 18 U.S.C. § 3143.  His uncontested guideline range is zero to six months (*see* Resp. at 4), and he posits therefore that he

is not subject to the presumption in § 3143(a)(1) favoring detention while awaiting sentencing. (Mot. at 1-2.)

### A. Alswij may not reopen the detention hearing under 18 U.S.C. § 3142(f)(2)(B).

By citing § 3143, Alswij appears to acknowledge that he is not seeking release by reopening the detention hearing under § 3142(f)(2)(B). That provision allows for a court to reopen the detention hearing "at any time *before trial* if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release" that will assure the defendant's appearance and community safety. 18 U.S.C. § 3142(f)(2)(B) (emphasis added). Although the Fifth Circuit has not addressed whether this provision authorizes a court to reopen a detention hearing after the defendant has pleaded guilty and is awaiting sentencing, the Court is persuaded that it may not do so. *See United States v. Morris*, 452 F. Supp. 3d 484, 487-88 (N.D. Tex. 2020). And the parties do not contend that § 3145(b) is relevant here.

### B. It is unclear whether § 3143(a)(1) establishes a presumption in favor of detention pending sentencing for Alswij.

Because Alswij has pleaded guilty and is awaiting sentencing, the parties point to § 3143 as providing the gateway through which Alswij may be released or detained. Section 3143(a)(1) states in relevant part that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, *other than a person for whom the applicable guideline . . . does not recommend a term of imprisonment*, be detained, unless the judicial

3

officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1) (emphasis added). Except where the sentencing guidelines do not suggest a term of imprisonment, the statute "reflects a presumption in favor of detention that attaches to a convicted defendant." *Morris*, 452 F. Supp. 3d at 489. Highly relevant to the Court's consideration of Alswij's motion, therefore, is whether the guidelines recommend that he be sentenced to a term of imprisonment.

Alswij suggests that the sentencing guidelines do not recommend a sentence of imprisonment because it can be satisfied by zero months. (*See* Mot. at 1-2.) Citing authority, however, the government asserts that a zero-to-six-month advisory range is still one in which a prison sentence is recommended. (Resp. at 4 (citing *United States v. Johnson*, 652 F. App'x 619, 621 (5th Cir. 2016), and *United States v. Dorsett*, No. 23-CR-351, 2023 WL 7740373 (S.D.N.Y. Nov. 14, 2023)).) In *Johnson*, the Tenth Circuit rejected a contention that an advisory range that begins at zero qualifies as one in which the guidelines do not recommend imprisonment for purposes of § 3143(a)(1). *Johnson*, 652 F. App'x at 621.

Additionally, the text of USSG § 5C1.1 appears to refute Alswij's contention that a zero-to-six-month range is practically a recommendation against imprisonment. An advisory range of zero to six months falls within Zone A of the sentencing table. (*See* USSG Ch. 5 Pt. A.) Section 5C1.1 provides that a "sentence of imprisonment is not required" where the applicable range is in Zone A (unless expressly required by the applicable guideline in Chapter Two). USSG § 5C1.1(b).

4

But recognizing that a prison sentence is "not required" is not equivalent to recommending against one, so § 5C1.1(b) does not support Alswij's position that prison is not recommended.

*Johnson* and § 5C1.1(b), however, do not end the analysis. While these authorities are persuasive as to why a zero-to-six-month range—in isolation—should not be treated as one in which a prison sentence is not recommended for purposes of § 3143(a)(1), changes to the guidelines since *Johnson* bear additional consideration. On November 1, 2023, Amendment 821 supplemented the application notes to § 5C1.1. When a defendant receives the newly created zero-point offender adjustment in USSG § 4C1.1 and has a guideline range in Zone A, the guideline now recognizes that a sentence other than imprisonment "is generally appropriate." USSG § 5C1.1 cmt. n.10(A). This recognition that a non-imprisonment sentence is "generally appropriate" better equates to a recommendation against imprisonment that would qualify as a recommendation of no imprisonment under § 3143(a)(1).

The parties do not discuss whether Alswij is eligible for an adjustment under § 4C1.1, and the Court is unable to confidently discern his eligibility based on the current record.[1] The Court therefore cannot assess whether, as the government contends, Alswij is subject to a presumption for detention under § 3143(a)(1).

---

[1] The Court notes that the magistrate judge at the detention hearing stated that Alswij had no criminal history. (Det. Hrg. at 44:52-44:57.) Even so, the Court does not believe that statement alone made during the initial proceedings of this case is sufficient for it to conclude with the requisite level of confidence that Alswij qualifies for the zero-point offender adjustment, particularly where the parties have not addressed the issue.

5

**C.     Even assuming Alswij is not subject to a presumption of detention, his motion presents no facts or arguments warranting reconsideration of the prior finding of his flight risk.**

The Court concludes that it need not determine whether the presumption for detention in § 3143(a)(1) applies to Alswij to adjudicate his motion for reconsideration. Even assuming there is no presumption in favor of detention and that the Court can reconsider the issue of detention anew with the burden placed on the government to show that no conditions would reasonably assure the defendant's appearance, Alswij's motion presents no facts or changed circumstances warranting reconsideration of prior findings.

The government presented its case for detention at a hearing in the Eastern District of Michigan. During that hearing, the government invoked the presumption favoring detention in 18 U.S.C. § 3142(e)(3), but it did not rely heavily on that presumption. (*See* Det. Hrg. at 2:30-2:50.) Rather, the government intentionally focused its presentation on establishing that Alswij was a flight risk. (*Id.* at 2:50-3:00.) It proffered information showing that Alswij lived overseas for more than a decade preceding his arrest and returned to the United States infrequently only to renew official documents like his driver's license; that he has no employment; he admittedly crossed the U.S.-Canada border without passing through a border checkpoint; he was convicted in Europe for possessing a fake Iraqi passport that he had obtained by bribing a foreign official; he traveled extensively to countries that do not have extradition agreements with the United States; and he had the financial means to flee as evidenced by his maintenance of multiple wives in different

6

countries and his possession of credit cards in other peoples' names when he was arrested. The government additionally relied on Alswij's false statements to federal officials when he entered the United States. Alswij largely did not contest the accuracy of this proffered information even though he disputed some of its relevance to flight risk. Instead, Alswij's argument was that, because his official documents had been confiscated, he lacked an ability to flee and would be prevented from doing so if released on electronic monitoring. (*See* Det. Hrg. at 30:53-33:04.)

Although the magistrate judge determined that the presumption for detention applied and was not rebutted (*see* Dkt. No. 5 at ECF p. 13), he made an alternative finding that the statutory factors at 18 U.S.C. § 3142(g) supported detention due to Alswij's flight risk. (Det. Hrg. at 36:10-36:36.) Crediting the government's proffered information, the judge exhaustively recounted the "overwhelming" evidence supporting that finding (*see id.* at 38:13-38:30) and found based on that evidence that electronic monitoring would be insufficient because Alswij "would simply cut the tether, and [he] would find a boat, and [he'd] get to Canada" and elsewhere around the world. (Det. Hrg. at 40:41-40:56.)

Alswij's motion is predicated on the change of circumstances brought about by his plea agreement. Unlike when he was first charged, Alswij is no longer facing a 20-year sentence. (*See* Mot. ¶ 2.) And, as the parties agree, the sentencing guidelines recommend an advisory range of zero to six months—a term that Alswij could discharge with time served. To the extent detention was previously justified by the fact that Alswij was facing a lengthy prison sentence (*see* Dkt. No. 5 at ECF p.

7

13), the changed circumstances provide sufficient basis to reconsider the detention decision. The detention decision reached in this case, however, was not significantly grounded upon the length of the sentence Alswij was facing. A review of the magistrate judge's reasoning instead makes clear that the detention decision was heavily predicated on Alswij's frequent international travel—sometimes contrary to legal requirements—his ties and frequent travel to countries from which he could not be extradited to the United States, and his record of dishonesty.

    Considering the record in its totality, Alswij's motion does not provide a basi to reconsider the detention decision. Even with the low guidelines range and assuming that Alswij's sister would agree to serve as a third-party custodian and allow Alswij to live with her in Houston (*see* Mot. ¶ 8), the Court finds that such circumstances do not mitigate what this Court agrees is overwhelming evidence of Alswij's risk of flight. The record establishes that Alswij has the willingness, resources, and abilities to travel internationally and has done so without regard for legal requirements. He has procured foreign travel documents through bribery and frequently travels to countries that have no extradition agreement with the United States. He maintains no residence in the United States and has no ties to the Northern District of Texas. The statute of conviction provides for up to five years' imprisonment, *see* 18 U.S.C. § 1001(a), considerably more time than he has served. Even if his sentencing exposure has decreased compared to October 2024, Alswij still faces considerable additional prison time, and there still exists an incentive for him to flee in to avoid both that additional time in custody and to prevent his conviction

from becoming final.  Alswij's track record of dishonesty with officials—for which he now stands convicted—further undermines a contention that he would abide by conditions this Court might set to ensure his appearance at sentencing.

### III.  CONCLUSION

For the reasons explained above, Alswij's motion to reconsider detention (Dkt. No. 44) does not provide a basis upon which this Court should reconsider a prior ruling that no condition or combination of conditions would reasonably assure Alswij's appearance as directed.  For that reason, the motion is **DENIED**.

**SO ORDERED** on June 18, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE